PHILIP A. MCLEOD, CASB No. 101101
JESSICA LUHRS, CASB No. 284846
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER LESAVOY;<br>LINDA LESAVOY,<br><br>                          Plaintiffs,<br><br>   vs.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, DOES 1-5, inclusive,<br><br>                          Defendants. | Case No. 3:14-CV-02226-JCS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><br>Date: June 27, 2014<br>Time: 9:30 a.m.<br>Place: Courtroom G - 15th Floor |

**TO PLAINTIFFS LESTER LESAVOY AND LINDA LESAVOY AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on June 27, 2014 at 9:30 a.m. in Courtroom G on the 15th Floor of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendant JPMORGAN CHASE BANK. N.A. ("Defendant") will move for an Order dismissing the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Request for Judicial Notice filed concurrently herewith, and on any oral argument the Court entertains at the hearing on the Motion.

//

1 | DATED: May 21, 2014

*/s/ Jessica Luhrs*
PHILIP A. MCLEOD
JESSICA LUHRS
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD FOR MOTION TO DISMISS .................................................... 1

III. STATEMENT OF FACTS ................................................................................................ 2

IV. LEGAL ARGUMENT ..................................................................................................... 3

    A. PLAINTIFFS CLAIMS ARE BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL ............................................................................................................. 3

    B. PLAINTIFFS' FIRST CAUSE OF ACTION FOR NEGLIGENCE FAILS AS A MATTER OF LAW ........................................................................................... 4

        1. Plaintiffs' Claim That Chase Mishandled Their Applications is Time-Barred ............................................................................................. 5

        2. Plaintiffs Cannot Establish the Requisite Duty or Damages ........................... 5

    C. PLAINTIFFS' SECOND CAUSE OF ACTION FOR FRAUD, DECEIT, AND NEGLIGENT MISREPRESENTATION IS WITHOUT MERIT ............................... 7

    D. PLAINTIFFS' THIRD CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD FAILS ................................................................................................................... 10

    E. PLAINTIFFS' UNFAIR BUSINESS PRACTICES CLAIM FAILS ........................... 10

        1. Plaintiffs Lack Standing To Bring a Section 17200 Claim ........................... 10

        2. Plaintiffs cannot to State a Claim for Unlawful, Fraudulent or Unfair Practices ................................................................................................. 11

            a. Plaintiffs Cannot Demonstrate a Claim for Unlawful Business Practices ............................................................................................. 11

            b. Plaintiffs Cannot State a Claim for Fraudulent Business Practices ............................................................................................. 12

            c. Plaintiffs Cannot State a Claim for Unfair Business Practices ............................................................................................. 12

V. PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF ........................................ 12

VI. CONCLUSION ............................................................................................................. 13

- i -            KYL_SF640570

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:14-CV-02226-JCS

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ah Quin v. Cnty. of Kauai Dept. of Transp.*,
   733 F.3d 267 (9th Cir. 2013) .................................................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 1, 2

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 1

*Diaz v. Fed. Express Corp.*,
   373 F. Supp. 2d 1034 (C.D. Cal. 2005) .................................................................................. 7

*Edu-Science (USA) Inc. v. Intubrite LLC*,
   2014 U.S. Dist. LEXIS 26241 (S.D. Cal. Feb. 27, 2014) ........................................................ 7

*Friedman v. Wells Fargo Bank N.A.*,
   2014 U.S. Dist. LEXIS 32965 (C.D. Cal. March 11, 2014) ................................................ 8, 9

*Hamilton v. State Farm Fire & Cas. Ins. Co.*,
   270 F.3d 778 (9th Cir. 2001) .................................................................................................. 4

*Hopkins v. Wells Fargo Bank, N.A.*,
   2014 U.S. Dist. LEXIS 24616 (E.D. Cal. Feb. 24, 2014) ................................................... 3, 4

*Hutchins v. Bank of Am., N.A.*,
   2014 U.S. Dist. LEXIS 24637 (N.D. Cal. Feb. 25, 2014) ....................................................... 8

*Krock v. Fin. Title Co.*,
   2012 U.S. Dist. LEXIS 2441 (E.D. Cal. Jan. 6, 2012) ............................................................ 5

*Lewis v. Wachovia Mortg.*,
   2011 U.S. Dist. LEXIS 81775 (S.D. Cal. June 6, 2011) ....................................................... 10

*Lyons v. Bank of Am., N.A.*,
   2011 U.S. Dist. LEXIS 90499 (N.D. Cal. Aug. 15, 2011) .................................................... 10

*Mahoney v. Bank of Am.*,
   2014 U.S. Dist. LEXIS 10544 (S.D. Cal. Jan. 28, 2014) ........................................................ 3

*Meyer v. Wells Fargo Bank, N.A.*,
   2014 U.S. Dist. LEXIS 21368 (N.D. Cal. Feb. 18, 2014) .................................................... 10

*Reiydelle v. JPMorgan Chase Bank, N.A.*,
 2014 U.S. Dist. LEXIS 10543 (N.D. Cal. Jan. 28, 2014)...................................................................6

*Selby v. Bank of Am., Inc.*,
 2010 U.S. Dist. LEXIS 139966 (S.D. Cal. Oct. 27, 2010)................................................................11

*Shokohi v. JPMorgan Chase Bank*,
 2011 U.S. Dist. LEXIS 129269 (N.D. Cal. Nov. 8, 2011) ................................................................4

*Shroyer v. New Cingular Wireless Servs.*,
 622 F.3d 1035 (9th Cir. 2010) .........................................................................................................8

*Snead v. Aurora Loan Servs., LLC*,
 2012 U.S. Dist. LEXIS 122462 (E.D. Cal. Aug. 27, 2012) ..............................................................4

*Toneman v. United States Bank*,
 2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 14, 2013) ................................................................8

*Winter v. NRDC, Inc.*,
 555 U.S. 7 (2008) ...........................................................................................................................13

**STATE CASES**

*Beauchamp v. Los Gatos Golf Course*,
 273 Cal. App. 2d 20 (1969) .............................................................................................................6

*Biakanja v. Irving*,
 49 Cal. 2d 647 (1958) ..................................................................................................................6, 7

*Caldo v. Owens-Illinois, Inc.*,
 125 Cal. App. 4th 513 (2004) ..........................................................................................................7

*Californians For Disability Rights v. Mervyn's, LLC*,
 39 Cal. 4th 223 (2006)...................................................................................................................11

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
 20 Cal. 4th 163 (1999)...................................................................................................................12

*Conroy v. Regents of Univ. of Cal.*,
 45 Cal. 4th 1244 (2009)...................................................................................................................7

*Das v. Bank of America, N.A.*,
 186 Cal. App. 4th 727 (2010) ..........................................................................................................6

*Daugherty v. American Honda Motor Co., Inc.*,
 144 Cal. App. 4th 824 (2006) ........................................................................................................12

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein*,
 30 Cal.4th 1037, 1048 (2003) .........................................................................................................9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:14-CV-02226-JCS

*Hoyem v. Manhattan Beach City School District*,
 22 Cal. 3d 508 (1978) ..........................................................................................................5

*Khoury v. Maly's of California*,
 14 Cal. App. 4th 612 (1993) ..............................................................................................11

*Kwikset Corp. v. Super. Ct.*,
 51 Cal. 4th 310 (2011) .......................................................................................................11

*Lavie v. Procter & Gamble Co.*,
 105 Cal App 4th 496 (2003) ..............................................................................................12

*Lueras v. BAC Home Loans Servicing, LP*,
 221 Cal. App. 4th 49 (2013) ........................................................................................6, 7, 9

*Nymark v. Heart Fed. Savings & Loan Assn.*,
 231 Cal. App. 3d 1089 (1991) .........................................................................................6, 7

*Oaks Management Corporation v. Superior Court*,
 145 Cal. App. 4th 453 (2006) ..............................................................................................6

*People v. McKale*,
 25 Cal. 3d 626 (1979) ........................................................................................................11

*Podolsky v. First Healthcare Corp.*,
 50 Cal App 4th 632 (1992) ................................................................................................12

*Ragland v. U.S. Bank National Assn.*,
 209 Cal. App. 4th 182 (2012) ..............................................................................................6

*Rossberg v. Bank of America, N.A.*,
 219 Cal. App. 4th 1481 (2013) ............................................................................................8

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
 2 Cal. App. 4th 153 (1991) ..................................................................................................8

**FEDERAL STATUTES**

FED. R. CIV. P. RULE 9(b) ..............................................................................................................8

FED. R. CIV. P. RULE 12(b)(6) .......................................................................................................1

**STATE STATUTES**

CAL. BUS. & PROF. CODE
 § 17200 ...................................................................................................................10, 11, 12
 § 17204 ...........................................................................................................................10, 11

CAL. CIV. CODE
 § 1573 .................................................................................................................................11

§ 1572(2) ..........................................................................................................................................11

§ 1710 ...............................................................................................................................................11

CAL. CODE CIV. PROC.
    § 338 ...........................................................................................................................................8
    § 339(a).......................................................................................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMORGAN CHASE BANK, N.A. ("Chase") hereby respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint of plaintiffs LESTER LESAVOY and LINDA LESAVOY ("Plaintiffs").

## I. INTRODUCTION

Plaintiffs, who own several properties, obtained more than $1,200,000 in mortgage loans secured by their residence. One of those loans, for $1,000,000, is now being handled by Chase. In 2008, Plaintiffs were unable to make their mortgage payments and allege that they began submitting "3-4" loan modification applications per year over the next four years. They claim that each of these applications was complete, and that each was wrongfully denied. In 2009, Plaintiffs filed for bankruptcy, and their case was closed in 2011. Despite their claim that Chase mishandled three to four applications per year during the two year span of their bankruptcy proceedings, Plaintiffs did not list their potential lawsuit against Chase in their summary of bankruptcy schedules. Accordingly, they are judicially estopped from bringing the instant lawsuit three years later in a last ditch effort to prevent the lawful foreclosure of their home.

Moreover, Plaintiffs have not set forth a ***single fact*** to demonstrate how Chase's purported conduct caused their damages. This omission is fatal to each cause of action in the Complaint. While they have attached a declaration from Melody Simpson who makes sweeping allegations about Chase's loan modification review process, that declaration does not show that Plaintiffs suffered any damages. Accordingly, each cause of action in the Complaint fails to state a claim upon which relief may be granted, and Chase respectfully requests that this Court grant its Motion to Dismiss without leave to amend.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 677 (2009). However, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*quoting Twombly*, 550 U.S. at 555). Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* This determination is context specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

As set forth herein, Plaintiffs' claims are based on factually and legally baseless contentions, and fail as a matter of law. Accordingly, this Court should grant the Motion to Dismiss in its entirety, without leave to amend.

## III. STATEMENT OF FACTS

For the purposes of this Motion only, Chase accepts as true the following allegations from the Complaint and further directs the Court to the judicially noticeable documents set forth in the Request for Judicial Notice ("RJN"):

Plaintiffs obtained title to real property located at 645 Encinal Court, Walnut Creek, California 94597 (the "Subject Property") in 2006. (Compl. ¶¶1, 15.) Also in 2006, Plaintiffs obtained a $1,000,000.00 loan (the "Subject Loan") from Washington Mutual Bank ("WaMu") secured by a deed of trust encumbering the Subject Property. (RJN Exh. 1.) Approximately one year later, Plaintiffs obtained a Home Equity Line of Credit in the amount of $203,000.00 from Indymac Bank secured by a deed of trust encumbering the Subject Property. (RJN Exh. 2.)

At some point in 2008, Plaintiffs "could not pay their mortgage loan" and therefore contacted Chase to request a loan modification application. (Compl. ¶ 17.) Over the next several years, Plaintiffs allege that they applied for loan modifications "3-4" times per year, however their applications were denied "on numerous occasions" because they did not submit the required documents. (Compl. ¶ 18.) From 2010-2012, Plaintiffs allege that a woman named Melody Simpson was their customer service contact at Chase. (Compl. ¶ 19 and Exh. A ¶ 2.)

A Notice of Default was recorded on March 17, 2009, and a Notice of Trustee's Sale was recorded on June 30, 2009. (RJN Exhs. 3, 4.)

Meanwhile, on August 6, 2009 – after the loan modification application process began –

Plaintiffs filed for bankruptcy in the U.S. Bankruptcy Court for the Northern District of California, case number 09-47172. (RJN Exh. 5.) Pursuant to their bankruptcy petition, they filed a Summary of Schedules in which they stated that they owned three properties: the Subject Property and two rental properties. (RJN Exh. 6, p. 4 of 58.) They listed the value of the Subject Property at $1,100,000.00. (*Id.*) Notably absent from their Schedules was any mention of a potential claim against Chase or any other entity regarding the Subject Property. (*See generally*, Exh. 6.) Plaintiffs received a discharge on December 13, 2009 and the case was closed in July 2011. (RJN Exh. 5.)

On August 29, 2011 and September 17, 2011, Notices of Trustee's Sale were recorded. (RJN Exhs. 7, 8.) The Notice of Default was rescinded on November 1, 2011, and a new Notice of Trustee's Sale has not been recorded since that date, thus there is currently no sale is scheduled at this time. (RJN Exh. 9.)

## IV. LEGAL ARGUMENT

### A. PLAINTIFFS CLAIMS ARE BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL

Judicial estoppel is an equitable doctrine "that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hopkins v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 24616, at *3 (E.D. Cal. Feb. 24, 2014) (citing *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). This doctrine applies where: (1) a party's later position is "clearly inconsistent" with its earlier position; (2) a party has "succeeded in persuading a court to adopt that party's earlier position"; and (3) whether a party "would derive an unfair advantage" if not estopped. *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Under this standard, a plaintiff is barred from asserting a claim that he know of and did not list in a bankruptcy petition. *See Ah Quin v. Cnty. of Kauai Dept. of Transp.,* 733 F.3d 267, 271 (9th Cir. 2013); *Hopkins*, 2014 U.S. Dist. LEXIS 24616, at *3. "A debtor's duty to disclose potential claims as assets continues for the duration of the bankruptcy proceedings." *Mahoney v. Bank of Am.*, 2014 U.S. Dist. LEXIS 10544, at *15 (S.D. Cal. Jan. 28, 2014). Thus, judicial estoppel applies when "the debtor has knowledge of enough facts to know that a potential cause of action exists during the

pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784. *See also, Shokohi v. JPMorgan Chase Bank,* 2011 U.S. Dist. LEXIS 129269, at *6 (N.D. Cal. Nov. 8, 2011) ("is the awareness of the factual, not the legal, basis of a claim that triggers a bankruptcy petitioner's duty to list the claim as an asset"). For example, in *Hopkins*, the court held that the plaintiff's failure to disclose her claims in her bankruptcy schedules barred her from litigating them in a later lawsuit. *Hopkins*, 2014 U.S. Dist. LEXIS 24616, at *4. The court reasoned that "[a] debtor who fails to disclose her claims, obtains a discharge of her debt, and then attempts to retain the proceeds of her debt not only threatens the interests of her creditors, but undermines 'the integrity of the bankruptcy process' itself." *Id.* (citing *Hamilton*, 270 F.3d at 785).

Here, Plaintiffs' entire Complaint is premised upon their claim that Chase "mishandled" their loan modification applications starting in 2008. They claim that they submitted "3-4" applications per year and that Chase repeatedly mishandled those applications. (Compl. ¶ 28.) Thus, they knew of the facts giving rise to their claims for the duration of their bankruptcy proceedings from 2009-2011. Despite this, Plaintiffs did not list their claims against Chase in their bankruptcy schedules. Further, the bankruptcy court accepted their initial position that they did not have any contingent claims by granting a discharge. *See Snead v. Aurora Loan Servs., LLC,* 2012 U.S. Dist. LEXIS 122462, at*14 (E.D. Cal. Aug. 27, 2012). As Plaintiffs' negligence and fraud claims accrued during the pendency of their bankruptcy proceedings and their unfair business practices cause of action is derivative of those two claims, they are estopped from attempting to litigate them in the instant suit.[1] On this basis alone, the Complaint should be dismissed.

B. **PLAINTIFFS' FIRST CAUSE OF ACTION FOR NEGLIGENCE FAILS AS A MATTER OF LAW**

Even assuming they were not estopped from bringing the instant lawsuit, Plaintiffs' first cause

---

[1] The only specific allegation that Plaintiffs make after their bankruptcy terminated is that Chase used an inflated property value to deny their 2014 loan modification application. Notwithstanding Plaintiff's admission in their bankruptcy schedules that the property value was $1,100,000 rather than the $700,000 value they now assert in their Complaint, Chase acknowledges that Plaintiffs may not be estopped from bringing the specific claim regarding the property value used in their 2014 application.

of action fails because the vast majority of their allegations are time-barred, and because Plaintiffs cannot establish the requisite duty or damages to support a negligence claim.

### 1. Plaintiffs' Claim That Chase Mishandled Their Applications is Time-Barred

In California, the statute of limitations for negligence is two years. CAL. CODE CIV. PROC. § 339(a). A plaintiff's ignorance of a cause of action does not toll the running of the statute. *See Krock v. Fin. Title Co.*, 2012 U.S. Dist. LEXIS 2441, at *7 (E.D. Cal. Jan. 6, 2012). Rather, the plaintiff carries the burden to show inability to have discovered the cause of action "despite reasonable diligence." *Id.* at *6.

Here, Plaintiffs' negligence claim is premised upon Chase's purported mishandling of their loan modification applications from 2008-2012. Their claim is entirely based upon a declaration of Ms. Simpson, who claims that she worked for Chase until 2012. (Compl. ¶¶ 18, 19.) Plaintiffs claim that they submitted loan modification applications "3-4 times a year," however they only set forth specific allegations regarding how those applications were mishandled before Ms. Simpson's departure in 2012. (Compl. ¶ 28.) Thus, Plaintiffs' negligence claim – except for their specific claim about their 2014 loan modification denial – is time-barred.

The statute of limitations should not be tolled because Plaintiffs cannot show that they could not have discovered their cause of action despite reasonable diligence. If in fact Plaintiffs submitted complete applications that were denied "3-4 times per year" on the basis that they were incomplete, Plaintiffs would have been on notice of their claim that their applications were being mishandled before 2012. (Compl. ¶ 28.) Accordingly, Plaintiffs' negligence claim fails.

### 2. Plaintiffs Cannot Establish the Requisite Duty or Damages

With respect to Plaintiffs' claim that Chase denied an application in 2014, that claim fails because Plaintiffs cannot demonstrate that Chase was negligent. An action for negligence must allege: (1) defendant's ***legal duty of care*** toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of the breach - proximate or legal cause; and (4) damage to plaintiff. *Hoyem v. Manhattan Beach City School District*, 22 Cal. 3d 508, 514 (1978) (emphasis added). The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for

negligence. *Beauchamp v. Los Gatos Golf Course*, 273 Cal. App. 2d 20, 32 (1969).

As a general rule, a lender does not owe a borrower a duty of care when it engages in arms-lengths transactions with borrowers. *See, Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991); *Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 740 (2010); *Oaks Management Corporation v. Superior Court*, 145 Cal. App. 4th 453 (2006). Nonetheless, California courts recognize that a lender may owe a duty of care in limited cases. The court in *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958) set forth a six factor test for establishing the existence of a duty of care: 1) the extent to which the transaction was intended to affect the plaintiff; 2) the foreseeability of harm to him; 3) the degree of certainty that the plaintiff suffered injury; 4) the closeness of the connection between the defendant's conduct and the injury suffered; 5) the moral blame attached to the defendant's conduct; and 6) the policy of preventing future harm.

In the years since *Nymark* and *Biakanja,* numerous courts have held that a lender does not owe a borrower a duty of care in the loan modification context. For example, after considering the *Biakanja* factors, the court in *Lueras v. BAC Home Loans Servicing, LP,* 221 Cal. App. 4th 49, 67 (2013) held that "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." The court reasoned that "[i]f the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, would not be closely connected to the lender's conduct." *Lueras*, 221 Cal. App. 4th at 67. Further, "[i]f the lender did not place the borrower in a position creating a need for a loan modification, then no moral blame would be attached to the lender's conduct." *Id. See also, Reiydelle v. JPMorgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 10543, at *63 (N.D. Cal. Jan. 28, 2014) ("[t]he Court also agrees with those cases holding that a financial institution does not owe a borrower a duty of care in these circumstances because the loan modification process is a traditional money lending activity"); *Ragland v. U.S. Bank National Assn.,* 209 Cal. App. 4th 182, 208 (2012) (where the lender told borrower to miss a payment to be considered for a loan modification, lender did now owe borrower a duty of care because modification "fell within the scope of [the lender's] conventional role as a lender of money").

Here, Plaintiffs claim that Chase was negligent in using a "highly-inflated" property value in

evaluating their 2014 application. (Compl. ¶ 35.) Plaintiffs cannot, however, establish the requisite duty of care to state a claim for negligence. As the *Lueras* court reasoned, the connection between Chase's purported conduct and any harm suffered by Plaintiffs was remote as Plaintiffs' own admitted inability to make payments and bankruptcy – and ***not*** Chase's conduct – caused the default. Further, the court in *Nymark* explicitly held that application of the *Biakanja* factors to a lender's appraisal to determine a property value "supports our conclusion that defendant did not owe a duty of care." 231 Cal. App. 3d at 1099. Plaintiffs cannot demonstrate that Chase owed them a duty and therefore their negligence claim fails as a matter of law.

Even assuming they could establish a duty – *which Chase does not concede* – Plaintiffs' claim fails because they cannot show that Chase's purported breach caused their damages. Plaintiffs admit that they were in default and the judicially noticeable documents demonstrate that they were in bankruptcy in 2009. Thus, to the extent they face foreclosure, it is due to their own conduct and ***not*** any wrongdoing by Chase. At most, Plaintiffs' allegations are that they were injured because they hoped to receive a modification; they never allege that Chase promised them a modification. Plaintiffs' claim that they incurred attorney's fees to prosecute their claim is similarly insufficient. If attorney's fees constituted cognizable damages, then every plaintiff bringing a negligence claim would be able to establish damages. This would undermine the purpose of the four-factor test to establish negligence.

For the foregoing reasons, Plaintiffs' negligence claim is incurably deficient, and therefore Chase respectfully requests that this Court dismiss the first cause of action without leave to amend.

### C. **PLAINTIFFS' SECOND CAUSE OF ACTION FOR FRAUD, DECEIT, AND NEGLIGENT MISREPRESENTATION IS WITHOUT MERIT**

Deceit and negligent misrepresentation sound in fraud. *See Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1066–67 (C.D. Cal. 2005); *Edu-Science (USA) Inc. v. Intubrite LLC*, 2014 U.S. Dist. LEXIS 26241, at *4 n.1 (S.D. Cal. Feb. 27, 2014). The elements of fraud are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of Cal.,* 45 Cal. 4th 1244, 1255 (2009); *Caldo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519

(2004). The statute of limitations for a fraud claim is three years. CAL. CODE CIV. PROC. § 338; *Hutchins v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 24637, at *4 (N.D. Cal. Feb. 25, 2014).

Claims for fraud must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See Toneman v. United States Bank,* 2013 U.S. Dist. LEXIS 98996, at *62 (C.D. Cal. June 14, 2013). Under Rule 9(b), fraud allegations must include the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. *Id.* at *62-63. Conclusory allegations do not suffice. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1044 (9th Cir. 2010). Further, "[t]he requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

Fraud claims in the loan modification context have been rejected by California state and federal courts for failure to plead damages. For example, in *Friedman v. Wells Fargo Bank N.A.*, 2014 U.S. Dist. LEXIS 32965, at*22 (C.D. Cal. March 11, 2014), the plaintiffs alleged that the defendant misrepresented "that their loan modification and accompanying documentation had been lost or misplaced." Rejecting their fraud claim, the court stated "[t]he only misrepresentation that Plaintiffs allege is that Defendants' [sic] lied about losing or never receiving the documentation. A mere hope for a loan modification is not a damage that results from any justifiable reliance in the particular misrepresentations Plaintiffs alleged in their complaint." *Id.* at *24. Similarly, the court in *Rossberg v. Bank of America, N.A.*, 219 Cal. App. 4th 1481, 1499 (2013) denied the plaintiffs' fraud claims because they did not allege any specific damages they suffered as a result of their reliance on the promise of a loan modification. While the plaintiffs alleged that the promised loan modification induced them to continue making payments instead of obtaining a replacement loan, they did not allege that they had sufficient equity in their home, and sufficient income, to qualify for a replacement loan. *Id.* at 1500. The court reasoned that "[m]isrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages." *Id.* at 1499.

Here, Plaintiffs' fraud claim is premised upon unspecified "misrepresentations." (Compl. ¶

1  26.) As a preliminary matter, their fraud claims premised upon conduct before 2011 is time-barred.
2  Further, Plaintiffs have not pled fraud with the requisite particularity. The only purported
3  misrepresentation that is specifically alleged in the Complaint is that "SPU" made representations that
4  Plaintiffs' loan modification applications were denied because of "missing documents." (Compl. ¶
5  18.) Plaintiffs have not set forth any facts regarding when these representations were made, who made
6  them, or their authority to speak on behalf of Chase. They likewise fail to set forth facts regarding any
7  single application, instead lumping together the "3-4" yearly applications they purportedly submitted
8  over more than a four year period. Melody Simpson's declaration does not address this deficiency. In
9  her declaration, Ms. Simpson states that she was a "point of contact" but *not* that she was involved in
10 the loan modification review process or that she worked in the "SPU" department that purportedly
11 made the misrepresentations. While she claims that she submitted Plaintiffs' applications to the
12 underwriting department, she does not state that she was personally involved in the review process and
13 has provided no basis for her claim that the applications were not reviewed. Further, Ms. Simpson
14 makes general, sweeping allegations about Chase's loan modification review process but does not set
15 forth *specific facts* about any one of Plaintiffs' applications.

16        Plaintiffs' fraud claims fail for the additional reason that they cannot establish damages.
17 Plaintiffs claim that they "were induced to reapply for a loan modification" and that they incurred
18 "additional late fees" as a result of the purported fraud. (Compl. ¶ 37.) They also claim that they did
19 not pursue unspecified "alternative measures." (Compl. ¶ 28.) As discussed *supra,* to the extent
20 Plaintiffs incurred late fees and face foreclosure, it is because of their admitted inability to make their
21 payments. Likewise, the fact that they did not receive a modification does not constitute damages
22 because Chase had no obligation to provide Plaintiffs with a modification. *See Lueras,* 221 Cal. App.
23 4th at 57. Further, their claim that the alleged misrepresentations caused them to forego other options
24 is speculative; they have not identified the alternatives they did not pursue, nor have they alleged facts
25 to suggest that had they pursued those options, they would have had a successful outcome. Thus, any
26 alleged damages resulting therefrom are "sheer speculation or surmise." *See Ferguson v. Lieff,*
27 *Cabraser, Heimann & Bernstein* 30 Ca1.4th 1037, 1048, (2003). Finally, as in *Friedman*, the fact that
28 Plaintiffs submitted multiple applications in the hopes of receiving a modification does not establish

cognizable damages.

For the foregoing reasons, Plaintiffs' fraud claim is incurably deficient and Chase respectfully requests that this Court dismiss the second cause of action without leave to amend.

### D. PLAINTIFFS' THIRD CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD FAILS

Constructive fraud "comprises any act, omission or concealment involving a breach of legal or equitable duty, trust or confidence which results in damage to another even though the conduct is not otherwise fraudulent." *Lyons v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 90499, at*19 (N.D. Cal. Aug. 15, 2011). Importantly, constructive fraud is applicable "***only to a fiduciary or confidential relationship***." *Id.* (emphasis added). Thus, California courts have rejected constructive fraud claims in the loan modification context because a lender ordinarily does not owe a borrower a duty of care in the loan modification context. *See, e.g.*, *Meyer v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 21368, at *5-7 (N.D. Cal. Feb. 18, 2014) (dismissing constructive fraud claim due to failure to establish a duty where plaintiff alleged she was promised a loan modification); *Lyons*, 2011 U.S. Dist. LEXIS 90499, at *21 (dismissing constructive fraud claim with prejudice because lender did not owe borrower a duty of care in processing loan modification application); *Lewis v. Wachovia Mortg.*, 2011 U.S. Dist. LEXIS 81775, at *16 (S.D. Cal. June 6, 2011) (dismissing constructive fraud claim because defendant did not owe borrower fiduciary duty in loan modification context).

As discussed in Section (B), *supra*, Plaintiffs cannot establish that Chase owed them a duty. Further, as address throughout this Motion, Plaintiffs cannot show that their purported damages were caused by Chase's conduct rather than their own admitted inability to make payments. Accordingly, Plaintiffs' constructive fraud claim fails as a matter of law.

### E. PLAINTIFFS' UNFAIR BUSINESS PRACTICES CLAIM FAILS

Plaintiffs allege that Defendants engaged in unfair, unlawful and fraudulent competition in violation of California Business and Professions Code § 17200 ("Section 17200"). CAL. BUS. & PROF. CODE §§ 17200 *et. seq.* (2011). As set forth below, Plaintiffs' claim fails.

#### 1. Plaintiffs Lack Standing To Bring a Section 17200 Claim

Business and Professions Code section 17204 limits standing in a Section 17200 action to

certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of [. . .] unfair competition." *Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006). To satisfy the narrow standing requirements, a party must (1) establish an economic injury, and (2) show that that economic injury was caused by the unfair business practice. *Kwikset Corp. v. Super. Ct.,* 51 Cal. 4th 310, 322 (2011).

Here, Plaintiffs cannot allege facts evidencing an economic injury ***caused by*** any unfair business practice. As discussed throughout this Motion, Plaintiffs cannot show that they lost money or property as a result of Chase's conduct rather than their own default. The fact that they incurred attorney's fees to bring this suit similarly does not demonstrate that they lost money or property as a result of Chase's alleged conduct. *See Selby v. Bank of Am., Inc.,* 2010 U.S. Dist. LEXIS 139966, at *24 (S.D. Cal. Oct. 27, 2010) ("[t]he Court is not persuaded that attorney's fees incurred in suing for a violation constitutes injury within the meaning of § 17204 (otherwise, any plaintiff filing suit would be able to show injury)"). Accordingly, Plaintiffs have no legal basis for pursuing their Section 17200 claim.

### 2. Plaintiffs cannot to State a Claim for Unlawful, Fraudulent or Unfair Practices

Even assuming they had standing to assert a Section 17200 claim, Plaintiffs' claim fails because they have not stated a claim for either unlawful, fraudulent, or unfair business practices.

#### a. Plaintiffs Cannot Demonstrate a Claim for Unlawful Business Practices

To allege a claim based on unlawful business practices under Section 17200, a plaintiff must allege facts to demonstrate that the practice violates an underlying law or a "borrowed claim." *See People v. McKale,* 25 Cal. 3d 626, 635 (1979). A plaintiff alleging unlawful business practices must state with reasonable particularity the facts supporting the statutory elements of the alleged violation. *Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619 (2d Dist. 1993).

Here, Plaintiffs allege that Chase violated California Civil Code section 1573, 1572(2), and 1710(2). (Compl. ¶ 53.) Those sections define constructive fraud, fraud, and deceit, respectively. CAL. CIV. CODE §§1573, 1572(2), 1710. As discussed *supra*, Plaintiffs cannot state a cause of action for fraud. Accordingly, they cannot state a claim for unlawful business practices.

**b.    Plaintiffs Cannot State a Claim for Fraudulent Business Practices**

The term "fraudulent," as used in unfair competition law, requires a showing that members of the public are likely to be deceived. *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 838 (2006). "[I]n order to be deceived, members of the public must have had an expectation or an assumption about the matter in question." *Id*.

Here, Plaintiffs' conclusory allegation that "similarly situated mortgagors" were "unfairly" denied loan modifications is insufficient. (Compl. ¶ 50.) Their entire Complaint is premised upon their claim that they were unfairly denied a loan modification and does not contain any specific facts regarding members of the public or their expectations regarding the matter in question. Thus, they cannot state a claim for fraudulent business practices under Section 17200.

**c.    Plaintiffs Cannot State a Claim for Unfair Business Practices**

Under the "unfair" prong of Section 17200, the court must weigh the utility of the defendant's purportedly unfair conduct against the gravity of the alleged harm to the victim. *Podolsky v. First Healthcare Corp*., 50 Cal App 4th 632, 647 (1992). In the absence of evidence that the allegedly deceptive practices targeted particularly vulnerable consumers, the standard in cases under the unfair competition prong of Section 17200 is that of the ordinary consumer acting reasonably under the circumstances, ***not*** the least sophisticated consumer. *Lavie v. Procter & Gamble Co*., 105 Cal App 4th 496, 504 (2003) (emphasis added). In this analysis, "[c]ourts may not simply impose their own notions of the day as to what is fair or unfair." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co*., 20 Cal. 4th 163, 182 (1999).

Here, Plaintiffs have failed to plead facts demonstrating conduct for which there exists an unjustified risk of harm. At most, their Complaint alleges that they faced foreclosure due to their inability to make their loan payments and that they did not receive a loan modification. This does not amount to unfair conduct.

**V.    PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF**

Plaintiffs seek an injunction to enjoin a trustee's sale. (Compl. ¶ 64.) A party seeking injunctive relief must demonstrate a likelihood of success on the merits, a likelihood of irreparable harm in the absence of an injunction, that the balance of equities tips in the party's favor, and that an

1   injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 24–25 (2008). As there are no
2   current foreclosure proceedings pending as to the Subject Loan, this cause of action is premature.
3   Plaintiffs' fear that at some point in the future Chase may schedule a foreclosure sale is insufficient.
4   Further, each cause of action in the Complaint fails to state a claim for relief and therefore Plaintiffs
5   cannot demonstrate a likelihood of success on the merits. Accordingly, Chase respectfully requests
6   that this Court dismiss the fifth cause of action without leave to amend.

7   **VI.    CONCLUSION**
8         For the foregoing reasons, Chase respectfully requests that this Court dismiss the Complaint
9   without leave to amend.

11  DATED: May 21, 2014          */s/ Jessica Luhrs*
12                                          PHILIP A. MCLEOD
                                            JESSICA LUHRS
13                                          KEESAL, YOUNG & LOGAN
                                            Attorneys for Defendant
14                                          JPMORGAN CHASE BANK, N.A.