UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LESTER LESAVOY, et al.,

    Plaintiffs,

    v.

JP MORGAN CHASE BANK, N.A.,

    Defendant.
_____/

No. C 14-2226 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant JP Morgan Chase Bank's motion to dismiss came on for hearing before this court on November 5, 2014. Plaintiffs Lester Lesavoy and Linda Lesavoy ("plaintiffs") appeared through their counsel, Tiffany R. Norman. Defendant JP Morgan Chase Bank, N.A. ("Chase" or "defendant") appeared through its counsel, Jessica Luhrs. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss for the reasons stated at the hearing and as follows.

    In the operative first amended complaint ("FAC"), plaintiffs allege that they purchased their home in January 2006, became unable to pay their mortgage sometime in 2008, and requested a loan modification from defendant in November 2008. See FAC, ¶¶ 16-18. Plaintiffs further allege that they "updated their loan modification application documents on approximately a monthly basis" between 2008 and 2010. Id., ¶ 21. Plaintiffs allege that their loan modification requests were denied due to "missing documents," but also allege that defendant "failed to respond within thirty days after each application was filed." Id., ¶¶ 71, 73.

    Plaintiffs' complaint also cites to a declaration from a former Chase employee (Melody Simpson) alleging that plaintiffs submitted loan modification applications "3-4 times a year since sometime in 2009," and that even though the applications were always

1

complete, they were repeatedly denied because of "missing documents."  FAC, ¶ 28.  Plaintiffs also allege other "mishandling" of their loan modification applications, based on the Simpson declaration.  <u>See, e.g.</u>, FAC, ¶¶ 33-35.

Based on the alleged mishandling of their loan modification applications, plaintiffs filed suit in Contra Costa County Superior Court on April 7, 2014.  Defendant then removed the case to this court and moved to dismiss the complaint, and on June 11, 2014, plaintiffs filed the operative FAC.  The FAC alleges five causes of action against Chase: (1) negligence, (2) violation of Cal. Civ. Code §§ 1701 and 1710, (3) violation of 15 U.S.C. § 1691 (d)(1), (4) violation of Cal. Bus. & Prof. Code § 17200, and (5) injunctive relief preventing a trustee foreclosure sale.

As stated at the hearing, plaintiffs' complaint does not adequately explain the facts surrounding their loan modification applications and does not adequately explain which facts underlie each asserted cause of action.  It is unclear when the plaintiffs applied for loan modifications, when they received responses from defendant, and whether the responses were timely.  The complaint's lack of clarity prevents the court from being able to determine which of their causes of action are viable.  For instance, plaintiffs assert a claim under the Equal Opportunity Credit Act ("ECOA"), which requires creditors to provide a decision on loan modification applications within thirty days.  However, plaintiffs do not explain which of their applications resulted in no response from Chase (which may give rise to a ECOA claim), and which of their applications resulted in a wrongful denial by Chase (which may give rise to a different claim).  In short, plaintiffs have not alleged sufficient facts in their complaint to determine whether plaintiffs have valid causes of action.

Based on the confusion surrounding the underlying facts, the court has determined that plaintiffs need to state more facts to support their claims.  Accordingly, as stated at the hearing, the FAC is DISMISSED with leave to amend as to the first, second, third, and fourth causes of action.  Any amended complaint must specifically allege the facts underlying plaintiffs' claims, and must explain which transactions give rise to each asserted cause of action.  In particular, plaintiffs must specifically set forth (1) the number of loan

modification applications submitted to defendant, (2) the dates on which the loan modification applications were submitted, (3) whether plaintiffs received a response to each application, and if so, what the response was, and (4) which loan modification applications allegedly defendant mishandled and how it mishandled them.  Factual information should be stated in the complaint rather than in a separate declaration.

To the extent that plaintiffs assert any claim for fraud (either a fraudulent concealment or a fraudulent misrepresentation), plaintiffs must allege such claims with particularity, as required by Rule 9(b).  To the extent that plaintiffs assert a claim under Cal. Bus. & Prof. Code § 17200, plaintiffs must identify the specific prong of the statute upon which their claim is based.

As stated at the hearing, plaintiffs' fifth cause of action seeking an injunction of the trustee foreclosure sale claim is dismissed without leave to amend, because this claim is premature since a foreclosure sale date has not yet been scheduled.

Plaintiffs will have until **December 3, 2014** to file a second amended complaint ("SAC") in accordance with this order.  Defendant shall have 21 days thereafter to answer or otherwise respond to the complaint.  No new parties may be added without leave of court, and no new claims may be added without leave of court or the agreement of the parties.

**IT IS SO ORDERED.**

Dated: November 12, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

3